IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DAVID ALANIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 7:22-CV-00017 |
| CHUBB LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS, JOHN ADAME | § | |
| AND JEREMY ELLIOTT, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Subject to and without waiver of all rights, privileges, and defenses available to Defendant Chubb Lloyds Insurance Company of Texas ("Chubb") under Chubb policy number 13717915-01, with effective dates of coverage from March 4, 2019 to March 4, 2020 (collectively, "Policy"), applicable statute, and/or applicable law, including without limitation Chubb's right to assert any defenses or responsive matters available to it under Federal Rule of Civil Procedure 12, Chubb files this Notice of Removal under 28 U.S.C. § 1446(a) and respectfully states:

## I.
## BACKGROUND AND PROCEDURAL HISTORY

1.     Plaintiff commenced this civil action on December 9, 2021 by filing Plaintiff's Original Petition ("Original Petition") in the 389th Judicial District Court of Hidalgo County, Texas, Cause No. C-4967-21-H ("State Court Action").

2.     This lawsuit arises out of Plaintiff's claim for coverage under a residential property insurance policy issued by Chubb for physical damage allegedly sustained as the result of a lightning strike reportedly occurring on September 5, 2019 ("Claim").[1]

3.     Plaintiff's Original Petition names Chubb, John Adame ("Adame") and Jeremy Elliott ("Elliott") as defendants.[2]

4.     Adame and Elliott are not insurers, and they are not parties to the residential property insurance policy under which Plaintiff seeks coverage.

5.     Adame and Elliott acted as Chubb's agents with respect to the adjustment of the claim at issue.

6.     Chubb files this Notice of Removal within the 30-day period required by 28 U.S.C. Section 1446(b)(2)(B).

7.     Venue is proper in this district, because the state court where the action was filed is located in this district.

8.     Obtaining consent from improperly joined parties for the removal of a case to federal court is not necessary.[3] Nevertheless, John Adame and Jeremy Elliot consent to this removal. Accordingly, all properly served parties consent to this removal.

---

[1]     *See* Exhibit C [Plaintiff's Original Petition] at ¶ 11-14.

[2]     *See generally* Exhibit C [Plaintiff's Original Petition].

[3]     28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been *properly joined and served* must join in or consent to the removal of the action.") (emphasis added); *see also Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 2003) (noting that removing defendant was not required to obtain consent of co-defendants who were improperly or fraudulently joined in the action).

## II.
## BASIS FOR REMOVAL

9.      Section 1332(a) permits removal of state court actions to federal district courts where: (1) complete diversity of citizenship exists between the parties; and (2) the amount in controversy exceeds $75,000. This action satisfies both conditions.

**A.      Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Defendants.**

10.      Plaintiff David Alanis is, and was at the time this lawsuit was filed, an individual who is domiciled and resides in the State of Texas and, therefore, is a citizen of Texas for diversity jurisdiction purposes.[4]

11.      The United States Supreme Court has held that an unincorporated association's citizenship is determined by the citizenship of each of its members.[5] Defendant Chubb is, and was at the time this lawsuit was filed, an unincorporated association of underwriters. Chubb's members are as follows:

a.      Teresa M. Black; resident of and domiciled in New York;

b.      Justin M. Boardman; resident of and domiciled in New Jersey;

c.      Caroline J. Clouser; resident of and domiciled in Pennsylvania;

d.      Steven F. Goldman; resident of and domiciled in New York;

e.      Paul J. Krump; resident of and domiciled in New Jersey;

f.      John J. Lupica; resident of and domiciled in Pennsylvania;

g.      Michelle McLaughlin; resident of and domiciled in New Jersey;

---

[4]    *See* Exhibit C [Plaintiff's Original Petition] at ¶ 1.

[5]    *Deep Marine Technology, Inc. v. Conmaco/Rector, L.P.,* 515 F.Supp.2d 760, 766 (S.D. Tex. June 26, 2007); *Smith v. Allstate Texas Lloyds,* No. 4:12cv486, 2012 WL 7827609, at *2 (E.D. Tex. Dec. 21, 2012) (recognizing that this has been a consistent view of the United States Supreme Court for over 100 years); *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195-96 (1990).

h.      Frances D. O'Brien; resident of and domiciled in New Jersey;

i.      Jarrod S. Schlesinger; resident of and domiciled in New York;

j.      Jeffrey A. Updyke; resident of and domiciled in Connecticut.

12.    Chubb is thus a citizen of New York, New Jersey, Connecticut, and Pennsylvania for diversity jurisdiction purposes.

13.    Defendant Elliott is an individual domiciled in the State of Alabama and, therefore, is a citizen of Alabama for diversity jurisdiction purposes. Defendant Adame is an individual domiciled in the State of Texas and, therefore, is a citizen of Texas for diversity jurisdiction purposes. However, this Court may disregard Adame and Elliott's citizenship because Plaintiff has improperly joined both Adame and Elliot as defendants in this action in efforts to defeat this Court's jurisdiction. As set forth below, there is no possibility that Plaintiff will be able to establish a cause of action against Adame or Elliott in this matter.

14.    Based on the foregoing, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and properly joined defendant Chubb.

(1)    *The 'Forum-Defendant Rule' Does Not Prohibit Removal of This Action Because Adame and Elliot are Improperly Joined as Defendants.*

15.    As previously noted, Adame and Elliott consent to this removal. Removal of this action is proper because Adame and Elliott are not properly joined as defendants in this action. Accordingly, their citizenship should be ignored for purposes of the 'forum-defendant rule.'

16.    A court must disregard the citizenship of a non-diverse party if the removing defendant shows improper joinder by either: (1) "actual fraud in the pleading of jurisdictional facts"; or (2) "inability of the plaintiff to establish a cause of action against the non-diverse party

in state court."[6] Under the second method, the removing defendant must demonstrate "there is no possibility of recovery by the plaintiff against [the] in-state defendant, which, stated differently means that there is no reasonable basis for the district court to predict that that the plaintiff might be able to recover against [the] in-state defendant."[7]

17.    Here, Plaintiff has no reasonable possibility of recovery against Adame or Elliott, who were improperly joined as defendants in this action to defeat this Court's jurisdiction, and this Court should disregard Adame and Elliott's citizenship in determining the propriety of removal under jurisdiction under 28 U.S.C. § 1441(b)(2).

18.    Plaintiff's Original Petition fails to establish a reasonable possibility of recovery against Adame and Elliott because Plaintiff lacks a valid claim upon which relief may be granted as to Adame and Elliott under Texas law. Plaintiff's lawsuit is governed by Chapter 542A of the Texas Insurance Code, which applies to actions on first-party insurance claims arising from alleged damage to covered property caused by "forces of nature," such as "a flood, a tornado, lightning, a hurricane, hail, wind, a snowstorm, or a rainstorm."[8]

19.    Under Chapter 542A, an insurer "may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant."[9] Whether the insurer makes such an election "before a claimant files an action" or "thereafter," the result is the same: "the court shall dismiss" the action against the agent with prejudice.[10] In either event, the insurer "may not revoke, and a court may not nullify,

---

[6]    *Smallwood v. Ill. Cent. R.R. Co.*, 385 F. 3d 568, 573 (5th Cir. 2004).

[7]    *Id.*

[8]    TEX. INS. CODE ANN. § 542A.001(2).

[9]    TEX. INS. CODE ANN. § 542A.006(A).

[10]    *Compare* TEX. INS. CODE § 542A.006(b) *with* § 542A.006(c).

[the] insurer's election."[11] The statute does not require the insurer's written notice of election to be made in any particular form, nor does it require the insurer to take any steps other than the election in order for the court to dismiss the action against the agent.[12]

20.     For purposes of this Notice of Removal, it is beyond dispute that Adame and Elliot are individually Chubb's "agent" as defined by section 542A.001(1) of the Texas Insurance Code.[13] Specifically, Jeremy Elliott is a Senior General Adjuster for Chubb who was assigned to adjust Plaintiff's Claim. Further, John Adame is an independent adjuster for Sedgwick who was retained on behalf of Chubb to inspect and investigate Plaintiff's loss.

21.     It is also undisputed that Chubb – via a letter dated February 3, 2021 – elected to accept whatever liability its agents, including Adame and Elliott, might have to Plaintiff in connection with the insurance Claim made the basis of this lawsuit. With respect to Adame and Elliott, Chubb's letter specifically stated:

> Pursuant to Texas Insurance Code section 542A.006, Chubb elects to accept the liability of any adjuster or consultant working on behalf of Chubb for any purported acts or omissions related to the Claim. This letter constitutes Chubb's written notice to the claimant under Texas Insurance Code § 542A.006. This election is unconditional and cannot be revoked pursuant to the statute.[14]

22.     Because Chubb provided Plaintiff with written notice of its election of legal responsibility under section 542A.006, Texas statute mandates that all causes of action asserted against its agents – John Adame and Jeremy Elliott – be dismissed with prejudice. As a result,

---

[11]    TEX. INS. CODE § 542A.006(f).

[12]    *See generally* TEX. INS. CODE § 542A.006.

[13]    *See* TEX. INS. CODE ANN. § 542A.001(1) ("'Agent'" means an employee, agent, representative, or adjuster who performs any act on behalf of an insurer.")

[14]    Exhibit H [Chubb's 542A.006 Notice of Election] at 3.

there is no possibility that Plaintiff might recover against John Adame or Jeremy Elliott on any of the causes of action pleaded in Plaintiff's Original Petition, and this Court should disregard John Adame and Jeremy Elliot's citizenship for purposes of 28 U.S.C. § 1332(a).

**B.     Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

23.     Under § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." When removal is premised upon diversity jurisdiction and the parties' dispute whether the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a), courts must determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal"[15]

24.     This lawsuit arises out of Plaintiff's claim for coverage under a residential insurance policy issued by Chubb for physical damage allegedly sustained by a residential property located in Weslaco, Texas as the result of a lightning strike reportedly occurring on or about September 5, 2019. In its Original Petition, Plaintiff states it seeks "monetary relief of over $1,000,000.00."[16]

25.     Chubb denies the validity and merits of Plaintiff's claims, the legal theories upon which those claims are based, and the allegations for monetary and other relief requested by Plaintiff. For removal purposes only, however, and without conceding that Plaintiff is entitled to any damages or other relief whatsoever, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this Court has diversity jurisdiction over this matter, and it is removable under 28 U.S.C. § 1441(b).

**III.**

---

[15]   *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[16]   Exhibit C [Plaintiff's Original Petition] at ¶ 6.

## COMPLIANCE WITH LOCAL RULE LR81

26.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be promptly filed with the clerk of 389th District Court of Hidalgo County, Texas:

27.     All pleadings, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

28.     In compliance with Local Rule 81, the following documents are attached:

      a.     Index of Matters Being Filed with Notice of Removal, attached as Exhibit A to this Notice of Removal;

      b.     All executed process in this case, attached as Exhibit B to this Notice of Removal;

      c.     Plaintiff's Original Petition, attached as Exhibit C to this Notice of Removal;

      d.     Defendant John Adame's Original Answer, attached as Exhibit D to this Notice of Removal;

      e.     Defendant Chubb Lloyds Insurance Company of Texas' Original Answer and Affirmative Defenses, attached as Exhibit E to this Notice of Removal;

      f.     A copy of the docket sheet in the state court action, attached as Exhibit F to this Notice of Removal; and

      g.     A list of all counsel of record, including addresses, telephone numbers and parties represented, attached as Exhibit G to this Notice of Removal.

29.     In addition to the documents required by 28 U.S.C. Section 1446(a) and LR81, the following is attached to (or filed with) this Notice of Removal:

a.   Letter from Chubb's counsel – Eric Bowers – to Ezequiel Reyna, Jr. dated February 3, 2021 [Chubb's 542A.006 Notice of Election], attached as <u>Exhibit H</u> to this Notice of Removal.

**IV.**
**JURY DEMAND**

30.   Plaintiff demanded a jury trial in his Original Petition.

**V.**
**CONCLUSION**

WHEREFORE, Defendant Chubb Lloyds Insurance Company of Texas hereby provides notice that this action is duly removed from the 389th Judicial District Court of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division, and respectfully requests that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Eric K. Bowers*
    Eric K. Bowers
    (Attorney-In Charge)
    Texas Bar No. 24045538
    Southern District Bar No. 658370
    ebowers@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone:   214-742-3000
Facsimile:   214-760-8994

**ATTORNEY FOR DEFENDANT CHUBB LLOYDS INSURANCE COMPANY OF TEXAS AND JOHN ADAME**

## CERTIFICATE OF SERVICE

This is to certify that on January 11, 2022, a true and correct copy of the foregoing document was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure as follows:

Andrew A. Woellner
Texas Bar No. 24060850
Tabatha R. Fuentes
Texas Bar No. 24094012
**THE POTTS LAW FIRM, LLP**
3737 Buffalo Speedway, Suite 1900
Houston, TX 77098
Telephone: 713-963-8881
Facsimile: 713-583-5388
awoellner@potts-law.com
tfuentes@potts-law.com

Ezequiel Reyna Jr.
Texas Bar No. 16794798
**LAW OFFICES OF EZEQUIEL REYNA, JR. P.C.**
702 W. Expressway 83, Suite 100
Weslaco, TX 78596
Telephone: 956-968-9556
zeke@zreynalaw.com

*/s/ Eric K. Bowers*
Eric K. Bowers